**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| CHARLES BRITTINGHAM and <br> LONI BRITTINGHAM, <br> individually and on behalf of class, <br>       Plaintiffs, <br><br> v. <br><br> CERASIMO, INC., <br> and DOES 1-10, <br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)   2:08-CV-216-TLS-PRC<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Bifurcate Discovery [DE 25], filed by Defendant Cerasimo, Inc., on October 31, 2008.

**PROCEDURAL AND FACTUAL BACKGROUND**

On July 28, 2008, Plaintiffs filed a Class Action Complaint alleging that Defendants violated the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. On August 15, 2008, Plaintiffs filed a Motion for Class Certification. Defendant Cerasimo, Inc., ("Cerasimo") filed a Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(1) on September 24, 2008.

On October 31, 2008, Cerasimo filed a Motion to Bifurcate Discovery, requesting that the Court bifurcate discovery to limit it to the issue of whether or not Cerasimo "willfully" violated FACTA. On November 14, 2008, Plaintiffs filed their Response brief in opposition and on the same date Cerasimo filed its Reply brief.

**ANALYSIS**

1

The decision to bifurcate discovery is a matter committed to the discretion of the trial court as it has the inherent power to control its docket. *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2004 WL 609326, *2 (N.D.Ill. March 23, 2004). Under Federal Rule of Civil Procedure 23(c)(1)(A), a court "must-at an early practicable time-determine by order whether to certify the action as a class action." Rule 23(c)(1)(A)'s current language represents a change from the previous version of the Rule, which provided that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." *Chavez v. Ill. State Police*, 251 F.3d 612, 630 (7th Cir. 2001). The 2003 Amendments explain that Rule 23(c)(1)(A)'s language was changed from "as soon as practicable" to the current reading because the previous phrase "neither reflect[ed] prevailing practice nor capture[d] the many valid reasons that may justify deferring the initial certification decision." Fed. R. Civ. P. 23(c)(1)(A) advisory committee notes (2003 Amendments). The advisory committee notes further provide examples of "valid reasons" for deferring the class certification decision, including that "[o]ther considerations may affect the timing of the certification decision. The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." *Id.* "Thus, it appears that if deciding the merits would help to determine whether the certification is proper based upon the claims of the named representative, bifurcation may be proper." *Stavroff v. Midland Credit Management, Inc.*, Cause No. 3:05-CV-127 AS, 2005 U.S. Dist. LEXIS 11640, *4 (N.D.Ind. June 8, 2005).

Cerasimo argues that discovery should be bifurcated and limited to the issue of Cerasimo's liability, particularly, whether Cerasimo committed a "willful" alleged violation of FACTA.

2

Cerasimo argues that this approach would promote judicial economy and preserve resources and expenses. To prevail on the merits of their FACTA claim, Plaintiffs must show that Cerasimo engaged in a "willful" violation[1] of FACTA. Accordingly, Cerasimo argues that discovery should be limited to the merits of Plaintiffs' case because, if they cannot show willful conduct by Cerasimo, then their claim will fail and the parties would not need to conduct discovery addressing the class certification issue. Cerasimo argues that Plaintiffs will be required to conduct discovery and prove a willful violation regardless of whether a class is ever certified, but that if no willful violation exists, then requiring the parties to also conduct discovery on the class certification issue will be a waste of resources and an unnecessary expense. Therefore, Cerasimo argues that it is judicious to require bifurcated discovery so that the parties may not have to incur the extra expense of class certification discovery as Plaintiffs' claim might fail on the merits.

In response, Plaintiffs argue that discovery should not be bifurcated because bifurcation is not preferred by courts. In support, Plaintiffs rely on cases in which the Seventh Circuit expressed its preference for conducting class certification prior to ruling on the merits. The Seventh Circuit has previously held that "in most circumstances, a judge should determine whether to grant or deny certification prior to ruling on the merits, as indicated by the text of *Rule 23*." *Chavez*, 251 F.3d at 630. The Seventh Circuit expressed its preference for this policy because class certification does not depend on the outcome of the suit. *Id.* More recently, the Seventh Circuit has stated that "[c]onceivably [the case before it] may be the exceptional case . . . in which deciding the merits of the case first and the motion for class certification second is proper." *Wiesmueller v. Kosobucki*, 513

---

[1] Liability for "willfully" failing to comply with FRCA extends to reckless conduct. *Safeco Ins. Co. of Am. v. Burr*, 127 S.Ct. 2201, 2209 (2007).

F.3d 784, 787 (7th Cir. 2008).

However, the cases that Plaintiffs rely on in opposition to bifurcation fail to take account of the 2003 Amendments or the "valid reasons" for deferring the class certification decision. *See Id.* (relying on *Cowen v. Bank of United of Texas, FSB*, 70 F.3d 937, 941-42 (7th Cir. 1995) (basing its holding on the pre-2003 Amendment version of Rule 23(c)(1))); *Larson v. JPMorgan Chase & Co.*, 530 F.3d 578, 581 (7th Cir. 2008). Further, Seventh Circuit cases, interpreting the pre-2003 version of Rule 23(c)(1)(A), have also ruled that "'practicable' allows for wiggle room." *Cowen*, 70 F.3d at 941. Accordingly, Rule 23(c)(1)(A) does not mandate a ruling on class certification prior to a ruling on the merits in every instance.

Plaintiffs also argue that discovery on merits and class certification issues overlap, so having bifurcated discovery will be more expensive and create the possibility that if requested evidence is related to both merits and class certification issues, Cerasimo may refuse to disclose this information because of its implication as to the class certification issue.

Although bifurcating discovery may make the litigation more expensive and might require Plaintiffs to undergo expensive discovery to survive summary judgment on the merits, this does not demonstrate that bifurcation in this case would be inefficient. *In re Guidant Corp. ERISA Litigation*, Master Docket No. 1:05-cv-1009-LJM-TAB, 2008 WL 4810743, *2 (S.D.Ind. Oct. 29, 2008); *Stavroff*, 2005 U.S. Dist. LEXIS 11640, at *6. If Plaintiffs cannot prove the merits of their case by showing a willful violation by Cerasimo, then valuable time and resources will be spent on discovery for the class certification issue when Plaintiffs' claim will be meritless. Further, if Plaintiffs have not suffered any loss, which, as Cerasimo alleges, Plaintiffs have failed to allege in their Complaint, then bifurcation will help to expedite the proceedings and greatly reduce expenses

4

to both sides. *In re Guidant Corp. ERISA Litigation*, 2008 WL 4810743, at *2.

Further, to the extent that Plaintiffs argue that bifurcation and the overlap of merits and class certification issues may lead to Cerasimo refusing to disclose information relevant to merits issues, the Court advises the parties that to the extent that information is requested by the Plaintiffs and is relevant to the merits issues, Cerasimo must disclose such information, even if there is a possibility that it may overlap with the issue of class certification, so long as it is relevant to the issue of willfulness. Accordingly, Plaintiffs fail to show that it is less efficient to proceed with the merits of this case.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant, Cerasimo, Inc.'s Motion to Bifurcate Discovery [DE 25] and hereby **ORDERS** that the parties shall first address the merits of Plaintiffs' case, particularly, the issue of Defendant Cerasimo's alleged willful violation of FACTA. The Court hereby **STAYS** the issue of class certification until a resolution of the liability phase and **SETS** this matter for a telephonic Rule 16(b) Preliminary Pretrial Conference on **January 8, 2009 at 10:30 a.m.** before Magistrate Judge Paul R. Cherry, to be initiated by the Court.

So ORDERED this 8th day of December, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record