# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHARLES BRITTINGHAM and | ) |
| LONI BRITTINGHAM, individually and | ) |
| on behalf of class, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )      CAUSE NO.: 2:08-CV-216-TS |
| | ) |
| CERASIMO, INC., and DOES 1–10, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(1) [DE 14], filed on September 24, 2008, by Defendant Cerasimo, Inc. The Defendant asks the Court to dismiss the Complaint, which alleges violations of the Fair and Accurate Credit Transaction Act (FACTA), because the Plaintiffs lack standing, and thus, the Court lacks subject-matter jurisdiction. On October 9, the Plaintiffs filed their Response [DE 17], and on October 23, the Defendant filed its Reply [DE 20]. On October 30, the Plaintiffs also filed a Sur-Reply [DE 23]. For the reasons stated below, the Court will deny the Defendant's Motion.

## BACKGROUND

This case is one of many attempted class action lawsuits in federal court alleging that a business violated the Fair Credit Reporting Act (FCRA), as amended by Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. § 1681c(g), by violating the "truncation requirement," that is, by printing more than the last five digits of a credit or debit card number

along with the expiration date on a receipt.[1]

The Plaintiffs allege that on three dates—September 5, 2007, January 1, 2008, and February 9, 2008—they received from the Defendant, which is a business, "a computer-generated cash register receipt which displayed eight digits of plaintiffs' card number, as well as plaintiffs' card expiration date." (Compl. ¶ 16.) The Plaintiffs further state that the "purpose of this 'truncation requirement' is to prevent identity theft. The Federal Trade Commission estimates that over 9 million persons each year have their identity assumed by criminals for financial gain, causing losses in excess of $50 billion." (*Id.* ¶ 4.) They further allege that the "Defendant has willfully violated this law and failed to protect plaintiffs and others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement." (*Id.* ¶ 8.) They had that "[i]n isolation, the publication of ***only*** the last four or five digits of a customer account number significantly limits the extent to which a potential identity thief can effectively use customer receipts disseminated at the point of sale to facilitate identity theft." (*Id.* ¶ 49 (emphasis in original)).

The Plaintiffs seek statutory damages, punitive damages, and attorneys' fees and costs. The FCRA authorizes damages from $100 to $1000 per violation, 15 U.S.C. § 1681n(a)(1)(A), punitive damages, § 1681n(a)(2), and attorney's fees and costs, § 1681n(a)(3). The class-related information in the Complaint is not relevant to deciding this Motion.

---

[1] The statute states: "Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1).

**ANALYSIS**

The Defendant argues that the Plaintiffs lack standing to bring this case because they do not allege any injury, either in the form of actual suffering (such as identity theft resulting in financial loss) or even a future threat of suffering (such as increased vulnerability to identity theft and resulting financial loss). The Defendant also argues that a violation of FACTA does not create an injury for standing purposes, so an actual injury is still required. The Plaintiffs, relying on caselaw in this circuit and elsewhere, argue that FACTA, like the rest of the FCRA and other statutes authorizing lawsuits for statutory violations, does not require actual proof of injury for a plaintiff to bring a claim.

**A.       Standard of Review and Standing**

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998).

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984). The requirement that plaintiffs have standing to bring a case entails both constitutional and prudential limitations on the exercise of federal jurisdiction. As for the constitutional component, Article III requires that, at a minimum, the plaintiff make the following three showings:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly

traceable to the challenged action of the defendant, and not the result of independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations, quotation marks, ellipses, and brackets omitted). The requirement that the injury be particularized means that "the injury must affect the plaintiff in a personal and individual way." *Id.* at 560 n.1. Prudential limitations on standing—such as ripeness, mootness, and political question—are not at issue.

When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). The movant may also use affidavits and other material to support its motion if the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The plaintiff has the obligation to establish jurisdiction by competent proof. *Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999). The presumption of correctness accorded to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question. *Id.* at 856.


**B.      FACTA Violations and Standing**

The Defendant is correct that the Seventh Circuit has not addressed the exact question whether a violation of FACTA's truncation requirement requires an allegation of an actual injury beyond the statutory violation. However, the Seventh Circuit has addressed this question with other parts of the FCRA. The results of those cases indicate that the Defendant's arguments fail.

In *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614 (7th Cir. 2007), one plaintiff alleged that an offer of credit contained disclosures that were not clear and conspicuous, and another plaintiff alleged that he was charged a higher rate based on negative and incorrect information without notice. *Id.* at 616. The Seventh Circuit stated:

> While a plaintiff's sustaining an injury is usually a necessary part of a claim's accrual, the FCRA contemplates possible awards of statutory damages where the violation is willful, *see* 15 U.S.C. § 1681n(a)(1)(A), an allegation found both in Killingsworth's and Sawyer's complaints. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S. Ct. 2201, 2210, 167 LED.2d 1045 (2007). Thus, actual damages are not necessarily a precondition for suit; Killingsworth's cause of action arose from Household's alleged willful failure to comply with § 1681m and that is when the right to statutory damages arose.

*Id.* at 622 (some citations omitted). In *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006), the court noted that "statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury" because the actual individual "loss is small and hard to quantify." *Id.* at 953. These two cases, which involved various violations of the FCRA, suggest that plaintiffs alleging violations of the FCRA do not have to allege actual damages (in the form of direct damages or a threat of future damages) to state a claim and have standing in federal court. In this case, the Plaintiffs allege that the "Defendant has willfully violated" FACTA. (Compl. ¶ 8.) That allegation of a wilful violation, rather than a claim of actual injury and damages, is sufficient in this case in light of *Killingsworth* and *Murray*.

The Defendant's reliance on *Pisciotta v. Old National Bancorp*, 499 F.3d 629 (7th Cir. 2007), is unavailing for at least two reasons. First, the case was a diversity jurisdiction class action lawsuit alleging causes of action under Indiana law, not the FCRA. *Id.* at 634. Hence, affirming the district court's dismissal on the ground that the plaintiffs did not suffer injuries that are compensable does not apply to this case. Second, the Seventh Circuit made clear that it does

not agree with the reasoning of court decisions holding that "federal courts lack jurisdiction because plaintiffs whose data has been compromised, but not yet misused, have not suffered an injury-in-fact sufficient to confer Article III standing." *Id.* at 634. Two of the cases cited in a footnote in *Pisciotta*—*Bell v. Acxiom Corp.*, No. 4:06CV00485-WRW, 2006 WL 2850042, at *2 (E.D. Ark. Oct. 3, 2006), and *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 690 (S.D. Ohio 2006)—are cited by the Defendant in support of its argument. (*See* Def. Mem. 5.) Instead, the Seventh Circuit stated that "the injury-in-fact requirement can be satisfied by a threat of future harm or by an act which harms the plaintiff only by increasing the risk of future harm that the plaintiff would have otherwise faced, absent the defendant's actions." *Pisciotta*, 499 F.3d at 634.

In this case, the allegations in the Complaint satisfy this standard. The Plaintiffs clearly alleged that the Defendant "failed to protect plaintiffs and others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement." (Compl. ¶ 8.) The Plaintiffs also alleged that "the publication of **only** the last four or five digits of a customer account number significantly limits the extent to which a potential identity thief can effectively use customer receipts disseminated at the point of sale to facilitate identity theft." (*Id.* ¶ 49 (emphasis in original)). The alleged failure of the Defendants to truncate the Plaintiffs' card information means that the Defendant failed to significantly limit the Plaintiffs' risk of identity theft. These allegations satisfy the *Pisciotta* injury-in-fact standard of alleging "an act which harms the plaintiff only by increasing the risk of future harm that the plaintiff would have otherwise faced, absent the defendant's actions." *Pisciotta*, 499 F.3d at 634.

The Defendant also references the case *Safeco Insurance Co. v Burr*, 551 U.S. 47 (2007), and argues:

> While the Supreme Court expressly noted that the plaintiff failed to make a claim

of actual harm, seeking only statutory and punitive damages, it did not raise the issue of whether plaintiff had standing to bring his claim for statutory damages where no actual damages existed. Basically, the court in Safeco did not concern itself with the issue of subject matter jurisdiction because the injury in fact, unlike in this case, was concrete and imminent.

(Def. Reply 3–4 (citation omitted)). The Defendant went on to note that the Seventh Circuit likewise did not address standing in *Murray*. If any inference can be drawn from the failure of the Supreme Court and the Seventh Circuit to raise the standing issue and its injury requirement in those cases, the inference is not that the plaintiffs lack standing. *See Wensing v. Thompson*, 423 F.3d 732, 745 (7th Cir. 2005) ("[S]tanding is always a threshold jurisdictional question that we must address even when it is not raised by the parties." (internal quotations omitted)). This Court would be playing long odds first, to bet that the plaintiffs in those cases lacked standing and that those courts overlooked the matter, and second, to then go on to rule in this case that the Plaintiffs here lack standing on that basis—especially in light of *Killingsworth* and *Murray*.

The Court concludes that the Plaintiffs' claims that the Defendant violated the FCRA, as amended by FACTA, sufficiently allege injury for purposes of constitutional standing.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss [DE 23] is DENIED.

SO ORDERED on April 14, 2009.

  s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION